UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**AZIEWE KENYATTA CALLWOOD**　　　　**CIVIL ACTION NO. 24-1495**

**VS.**　　　　**SECTION P**

　　　　**JUDGE TERRY A. DOUGHTY**

**WARDEN, ET AL.**　　　　**MAG. JUDGE KAYLA D. MCCLUSKY**

## REPORT AND RECOMMENDATION

Pro se Petitioner Aziewe Kenyatta Callwood, a prisoner at Cobb County Detention Center in Marietta, Georgia, filed this petition for writ of mandamus on approximately October 29, 2024.[1] He appears to name the following respondents: the warden of Calcasieu Correctional Center, Judge Clayton Davis, the Calcasieu Parish District Attorney, and the State of Louisiana. For reasons that follow, the Court should dismiss this Petition.

## Background

Petitioner states that he was arrested in Louisiana on June 3, 2024. [doc. # 1, p. 2]. He had an initial appearance in state court on June 4, 2024. *Id.* At the initial appearance, he signed a "waiver of extradition." *Id.* at 4. Petitioner claims that following his initial appearance, Judge Clayton Davis denied him an extradition hearing, violating his right to procedural due process and equal protection. *Id.* at 3.

Petitioner was arraigned on July 15, 2024. [doc. # 1, p. 3]. He clams that the Calcasieu Parish District Attorney failed to sign the notice of felony arraignment. *Id.* at 3, 5, 10.

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

Petitioner states that Judge Davis "lodged [an] out of state detainer against [him] on" October 10, 2024. [doc. # 1, p. 4]. Petitioner claims: "unconstitutional, illegal and unlawful extradition detainer imposed . . . ." *Id.*

Also on October 10, 2024, Petitioner "was credited for time served[.]" [doc. # 1, p. 4]. Petitioner asks, "Is it legal or illegal for [him] to serve the time served, credit for time served Docket # 10776-24 on 10-10-2024, prior to [him] the person in custody directed to the accredited agent immediately to the demanding state [sic]?" *Id.* at 4-5. Petitioner appears to claim that the State of Louisiana should have immediately delivered him to "the accredited agent of the demanding state" after he signed an extradition waiver on June 4, 2024, instead of detaining him from June 4, 2024, to October 10, 2024, in Louisiana. *Id.* at 5.

On approximately November 15, 2024, Petitioner notified the Court that he had been transferred from Riverbend Detention Center in Lake Providence, Louisiana, to the Cobb County Detention Center in Marietta, Georgia. [doc. # 4].

<b><u>Law and Analysis</u></b>

**1. Mandamus**

"Although the writ of mandamus was abolished by Fed.R.Civ.P. 81(b), federal courts may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law, 28 U.S.C. § 1651." *Moye v. Clerk, DeKalb Cty. Superior Court*, 474 F.2d 1275, 1275–76 (5th Cir. 1973). "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee *of the United States or any agency thereof* to perform a duty owed to the plaintiff." 28 U.S.C. § 1361 (emphasis added). "Mandamus is an extraordinary remedy that should be granted only in the clearest and most compelling cases." *In re Willy*, 831 F.2d 545, 549 (5th Cir. 1987).

2

However, "a federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Moye*, 474 F.2d at 1275; *see also Waddleton v. Blalock*, 277 F.3d 1374 (5th Cir. 2001) ("Title 28 U.S.C. § 1361 does not authorize this court to compel any officer or employee of the state of Texas to perform any duty."). "[A]bsent a specific delegation[,] federal district court[s], as court[s] of original jurisdiction, lack[ ] appellate jurisdiction to review, modify, or nullify final order[s] of state court[s]." *Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir. 1994).

Here, respondents are not "officer[s] or employee[s] of the United States or any agency thereof." The Court therefore lacks jurisdiction to grant Petitioner's requested mandamus relief. *See Wheeler v. Mississippi State Parole Bd.*, 2021 WL 4977324, at *1 (5th Cir. Oct. 26, 2021) (opining, where a state prisoner sought mandamus relief under 28 U.S.C. § 1361, in the form of release from incarceration and claimed that state proceedings violated his due-process rights, that a "district court's mandamus authority does not extend to directing state officials in the performance of their duties and functions."); *Searcy v. Trochesset*, 2022 WL 3096849, at *3 (5th Cir. Aug. 3, 2022) (finding, where the petitioner made general requests for intervention in state court criminal proceedings, that the federal district court lacked the "power to direct state officials in the performance of their duties by way of injunctive relief.").[2]

---

[2] *See also Gowan v. Keller*, 471 F. App'x 288, 289 (5th Cir. 2012) ("To the extent that Gowan is seeking to have the federal court direct the state court to perform its duties as he wishes, his pleadings were properly construed as a petition for mandamus relief.").

3

**2. Habeas Corpus**

While Petitioner explicitly seeks mandamus relief, he also suggests that he wants this Court to dismiss his pending charges, asking the Court to "quash information" and to free him from "unlawful seizure." [doc. # 1, pp. 1, 7, 9].

Even assuming Petitioner seeks relief other than mandamus relief, his ostensible requests would constitute implicit challenges to the very fact and duration of his physical imprisonment.[3] Petitioner may, *after he exhausts his state court remedies*, pursue a request for immediate release from custody through a petition for writ of habeas corpus under 28 U.S.C. § 2241. *See Preiser v. Rodriguez*, 411 U.S. 475, 93 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) (construing a request for release from pending state criminal proceedings as a habeas petition under Section 2241). Accordingly, the Court should deny Petitioner's requested relief as an improper request for habeas corpus.

The undersigned again cautions that Petitioner must first exhaust his available state court remedies before seeking habeas relief in this Court. *See id.* (observing that if "habeas corpus is the exclusive federal remedy . . . a plaintiff cannot seek the intervention of a federal court until

---

[3] *See, e.g., Sellers v. Plattsmier*, 637 F. App'x 111, 112 (5th Cir. 2015) (reasoning that the plaintiff's request to dismiss a bill of information was an implicit request for release); *Florence v. Garcia*, 713 F. App'x 306, 307 (5th Cir. 2018) ("Florence's requests for dismissal of the charges and for immediate release sound in habeas . . . ."); *Durall v. Lafayette Police Dep't*, 2011 WL 6181387, at *1 (W.D. La. Nov. 16, 2011), report and recommendation adopted, 2011 WL 6205542 (W.D. La. Dec. 13, 2011) ("Since dismissal of the charges would result in an immediate or at least speedier release from custody, plaintiff must seek such relief by way of a petition for writ of habeas corpus . . . .").

he has first sought and been denied relief in the state courts, if a state remedy is available and adequate.").[4] Petitioner is further cautioned that the Court may abstain under *Younger v. Harris*, 401 U.S. 37 (1971), or *Dickerson*, 816 F.2d at 225, if Petitioner asks the Court to interfere with his ongoing criminal prosecution.[5] *See Gibson v. Orleans Par. Sheriff*, 2014 WL 1066987, at *1 (5th Cir. Mar. 20, 2014) (affirming abstention under *Younger v. Harris*, where a petitioner sought habeas corpus relief under 28 U.S.C. § 2241).

## Recommendation

For reasons above, **IT IS RECOMMENDED** that Petitioner Aziewe Kenyatta Callwood's Petition for mandamus relief be **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the**

---

[4] *See also Dickerson v. State of La.*, 816 F.2d 220, 225 (5th Cir. 1987) ("Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.").

[5] "Under the *Younger* abstention doctrine, federal courts should generally decline to exercise jurisdiction when: (1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018) (internal quotation marks and quoted sources omitted).

**proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 3rd day of January, 2025.

_____
Kayla Dye McClusky
United States Magistrate Judge